[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 3, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-10527
Non-Argument Calendar
_____

D. C. Docket No. 05-14057-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID LEE BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 3, 2007)**

Before BIRCH, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

David Lee Brown appeals his 60-month sentence for possession of

counterfeit obligations, with intent to defraud, and attempt to utter a counterfeit obligation with intent to defraud, in violation of 18 U.S.C. § 472. On appeal, Brown argues that the district court unreasonably sentenced him above the guideline range without conducting any analysis regarding departures under the guidelines or the 18 U.S.C. § 3553(a) factors, especially considering that the Presentence Investigation Report ("PSI") noted no factors warranting an upward departure, and the government did not ask for a higher sentence.

## BACKGROUND

A grand jury indicted Brown for: (1) possession of counterfeit obligations, with intent to defraud, in violation of 18 U.S.C. § 472; and (2) attempt to utter a counterfeit obligation with intent to defraud, in violation of § 472. Brown pled guilty to both charges, without the benefit of a plea agreement. The PSI assigned him a base offense level of 9, pursuant to U.S.S.G. § 2B5.1, and reduced it by 2 levels for acceptance of responsibility, resulting in a total offense level of 7. Brown's criminal history included: (1) first degree petit theft, for obtaining checks belonging to the Okeechobee County School Board, in 1998; (2) battery in 1998; (3) attempted lewd/lascivious conduct on a child under 16, with the victim stating that he had forced her to have intercourse, in 1998; and (4) stalking in 2003. With a criminal history of V, his guideline range was 12 to 18 months'

2

imprisonment.  No objections to the PSI were filed.

At sentencing, Brown requested a sentence of time-served because, despite his high criminal history category, his conviction for attempted lewd conduct was more of an "older boyfriend-younger girlfriend–18 and 16– kind of combination that mom and dad didn't think too much of."  He stated that he realized, for the first time when reading his PSI, that his criminal history was serious, and he wanted the court to give him the opportunity to "turn things around."  The court further questioned Brown about the nature of his attempted lewd conduct on a child conviction.

The court then reviewed more of Brown's criminal history, stating,"All of this occurred–the theft occurred in April of '98, the battery occurred in July, the rape occurred in December.  It was a good year, huh?," noting that Brown had received probation for the theft and battery, and all had occurred in the same year.  Brown replied that the state was perhaps at fault for sending the wrong message.  The court stated that the federal courts are "not within the guidelines anymore, other than to look at them and see if the guideline range is appropriate by looking at the [§ 3553(a)] factors. . .and to the extent that we go outside the guidelines, that we impose a sentence that is reasonable."  The court then stated that, considering all of the statements and the PSI, the guideline range, and the § 3553(a) factors, a

sentence above the guideline range was merited, and it sentenced Brown to 60 months' imprisonment. Brown objected to the sentence as unreasonable.

## STANDARD OF REVIEW

"We review the sentence imposed by the district court for reasonableness." *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005) (per curiam) (citation omitted). We review for plain error, however, where the defendant did not state the grounds for an objection in the district court. *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003).

## DISCUSSION

Brown has two separate grounds for arguing that his sentence was erroneous: (1) the district court did not follow the proper procedure for an upward departure, and (2) his sentence was procedurally unreasonable. The first challenge is without merit because the district court sentenced above the guidelines based not on U.S.S.G. § 4A1.3, but rather, pursuant to its § 3553(a) authority. *See United States v. Irizarry*, 458 F.3d 1208, 1211-12 (11th Cir. 2006) (per curiam), *petition for cert. filed*, (U.S. Oct. 26, 2006) (No. 06-7517).

Brown has not met his burden of establishing the sentence is unreasonable in light of the record and § 3553(a) factors. *See Talley*, 431 F.3d at 788 (defendant bears the burden). After *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738,

4

160 L. Ed. 2d 621 (2005), a district court is required to consider the § 3553(a) factors in fashioning a reasonable sentence. A district court need not explicitly consider every single § 3553(a) factor in order for the sentence to be reasonable. *See United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). In fact, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under *Booker*." *Talley*, 431 F.3d at 786.

Here, the court specifically reviewed Brown's criminal history with him, going through each crime and allowing him to explain, at one point noting that all the crimes had occurred within a year. The court also noted that Brown had been treated with "kid gloves" by the state. It stated that it had considered the statements of the parties, the PSI, and the guideline range, as well as the § 3553(a) factors, and then sentenced him above the guideline range, indicating that, to the extent that it was reasonable, a sentence above the guideline range could be imposed. Given that the court considered Brown's extensive criminal history of sexual impropriety and battery, and the fact that punishment had not deterred him previously, all factors under § 3553(a), the court's sentence of 60 months' imprisonment was reasonable.

Upon review of the record and consideration of the parties' briefs, we

discern no reversible error.  Accordingly, we affirm.

**AFFIRMED.**